UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CURTIS N. HARRIS BEY,

                    Plaintiff,

                                              CASE NO. 2:07-10896
v.

                                              PAUL D. BORMAN
JOSEPH BURTCH, THOMAS FALES,                  UNITED STATES DISTRICT JUDGE
H. BAILEY, THOMAS BIRKETT,
CRAIG HUTCHINSON, FERNANDO
FRONTERA, and RUBY CHEATHAM,

                    Defendants.
_____/

## ORDER OF DISMISSAL

### I.      INTRODUCTION

        Plaintiff Curtis N. Harris Bey is a state prisoner at Alger Maximum Correctional Facility

in Munising, Michigan.  He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

The defendants are:  Dr. Joseph Burtch, a physician for Correctional Medical Services (CMS);

Thomas Fales, a physician's assistant or nurse practitioner; H. Bailey, a health care unit manager

at Standish Maximum Correctional Facility (SMF) in Standish, Michigan; Thomas Birkett, the

warden at SMF; Craig Hutchinson, the Medical Director for CMS; Fernando Frontera, a

physician; and Ruby Cheatham, a health care unit manager at Alger Correctional Facility.

Plaintiff has sued these defendants in their individual and official capacities for declaratory,

injunctive, and monetary relief.

        The complaint and exhibits allege that Plaintiff suffered a brain aneurysm on June 2,

2004.  On June 9, 2004, surgeons inserted coils in Plaintiff's right carotid brain artery, and on

August 16, 2004, they placed a stent across the aneurysm.  In February of 2006, Plaintiff was scheduled to have an arteriogram at Blodgett Hospital in Grand Rapids, Michigan to determine whether the stent and coils were still in place and whether additional coils were necessary to reduce the risk of future rupturing.  Plaintiff did not receive the arteriogram or an outpatient examination with specialists at Blodgett Hospital.  Instead, prison officials offered Plaintiff an angiogram, which he declined.

Plaintiff alleges that the defendants have refused to provide the treatment prescribed by specialists and that the refusal to send him to Blodgett Hospital for an appointment with specialists constitutes deliberate indifference to a serious medical need.  Plaintiff asserts that the defendants have withheld the prescribed outpatient treatment in retaliation for his grievances and civil lawsuits against correctional officials.

## II.    STANDARD OF REVIEW

Plaintiff has been granted permission to proceed without prepayment of the filing fee for this action.  An indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that

2

the defendants acted under color of law and deprived the plaintiff of rights secured by federal

law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527,

535 (1981)).

## III.   ANALYSIS

### A.  The Eighth Amendment Claim

#### 1.  Legal Framework

"It is undisputed that the treatment a prisoner receives in prison and the conditions under

which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v.*

*McKinney*, 509 U.S. 25, 31 (1993).  The Amendment, which prohibits the imposition of "cruel

and unusual punishments," requires correctional officials to provide prisoners with humane

conditions of confinement and to ensure that prisoners receive adequate medical care. *See*

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  There are two components to an Eighth

Amendment claim:  an objective one and a subjective one. *See Wilson v. Seiter*, 501 U.S. 294,

298 (1991).  The objective component requires showing that the alleged deprivation  was

"sufficiently serious." *Id*.  "[A] prison official's act or omission must result in the denial of 'the

minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v.*

*Chapman*, 452 U.S. 337, 347 (1981)).

The subjective component of an Eighth Amendment claim requires showing that prison

officials had a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298.  "In prison-

conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety. .

. ." *Farmer*, 511 U.S. at 834.  "[D]eliberate indifference to serious medical needs of prisoners

constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth

3

Amendment." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id*. at 105.

### 2.  The Facts

The complaint and exhibits indicate that Plaintiff's medical services provider requested a consult for radiology on April 24, 2006, to check Plaintiff's stent.  Defendant Burtch informed Plaintiff that he did not need outpatient treatment with the brain surgeon or an arteriogram, and on July 5, 2006, CMS approved a CT angiogram of Plaintiff's brain.  Because the CT scan was not available locally, an appointment was made for Plaintiff at Foote Hospital in Jackson, Michigan. On August 3, 2006, Plaintiff was taken to there, but he refused to have the CT scan and was transported back to prison.

Follow-up treatment also was made available to Plaintiff.  On August 8, 2006, Dr. Burtch evaluated Plaintiff as a result of Plaintiff's refusal to have the CT scan.  On October 16, 2006, Plaintiff's medical services provider performed a full assessment of Plaintiff and did not recommend surgery.  Finally, on or about November 30, 2006, Plaintiff was sent to the local emergency room where he resisted care.

Plaintiff's difference of opinion regarding the type of treatment needed does not state a claim under the Eighth Amendment, because "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107.  Furthermore, Plaintiff has not demonstrated that the defendants possessed a "sufficiently culpable state of mind," that is,

4

"deliberate indifference."  Medical personnel tried to help Plaintiff, but he refused their offers and insisted on a procedure that one physician deemed unnecessary.  The Court concludes that Plaintiff has failed to show a violation of the Eighth Amendment.

### B.  The First Amendment Claim

Plaintiff asserts that the defendants withheld treatment in retaliation for his grievances and lawsuit against prison officials.  "To state a claim alleging retaliation for exercising a constitutional right, a plaintiff must show that (1) he engaged in protected conduct; (2) the defendant took an adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) that the adverse action was taken (at least in part) because of the protected conduct."  *Thomas v. Eby*, __ F.3d __, __, No. 05-1203, 2007 WL 935706, at *5 (6th Cir. Mar. 30, 2007) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc)).

Filing a grievance is protected conduct under the First Amendment.  *See id*. (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir.2000)).  Thus, Plaintiff has satisfied the first element of a retaliation claim.  However, even assuming that he satisfied the second element (adverse action), he has not demonstrated causation, which requires showing that "the adverse action was taken (at least in part) because of the protected conduct. . . ."  *Id*. at *6.  "[T]he causation inquiry centers on the defendant's motive."  *Id.*

The facts as alleged in the numerous exhibits attached to Plaintiff's complaint suggest that the defendants were motivated to help Plaintiff.  Defendant Burtch determined that Plaintiff did not need to be seen by specialists.  He recommended the CT scan or angiogram, which was offered to Plaintiff.  Follow-up appointments were provided even though Plaintiff refused the

angiogram.  Because it appears that the defendants would have taken the same action even if Plaintiff had not filed grievances and lawsuits, Plaintiff has thwarted his retaliation claim.  *See id.*  **IV.     CONCLUSION**

The defendants acted under color of state law for purposes of this action, but they did not deprive Plaintiff of a federal constitutional right.  Therefore, Plaintiff's claims lack an arguable basis in law.

**IT IS ORDERED** that the complaint is DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**IT IS FURTHER ORDERED** that an appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 18, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 18, 2007.

s/Denise Goodine
Case Manager

6